MILLARD, C.J., dissents.
Howard C. Culver, a resident of this state, died at the age of seventy in California on January 18, 1933, leaving an estate in this state subject to administration. An inventory of the estate was filed, showing an appraised value of $1,041.62.
On August 26, 1930, all of the property involved therein being declared community property belonging to Howard C. Culver and Ella M. Culver, his wife, they executed a trust agreement (designated in the record as Trust No. 1), by which they conveyed property valued at approximately $126,000 in trust for the benefit of themselves and three children.
On September 5, 1930, decedent executed his last will and testament, and he and his wife at the same time executed another trust agreement, conveying in trust property valued at about $550,000, principally for the benefit of the three children. Under this trust agreement, they reserved the right to alter and amend the trust, and on January 10, 1933, eight days before the death of decedent, a new trust agreement was executed which is denominated as Trust No. 2 and conveyed property valued at about $268,000. *Page 56 
The executor, Spokane and Eastern Trust Company, being in doubt as to whether the properties conveyed under Trusts Nos. 1 and 2 were subject to the state inheritance tax, filed a petition in the lower court praying that it be determined whether or not the properties conveyed under the two trusts were subject to inheritance taxes.
The trial court held that trust No. 2 was made in contemplation of death, and therefore subject to an inheritance tax; and that trust No. 1 was not made in contemplation of death, and consequently not subject to an inheritance tax. Judgment was entered accordingly. From that judgment, the state supervisor of inheritance tax and escheat division has appealed.
The only assignment of error is that the ruling of the trial court, that trust agreement No. 1 was not made in contemplation of death and therefore not subject to an inheritance tax, is erroneous.
The trial court, among other material findings, made these:
"Howard C. Culver died in the city of Los Angeles, state of California, on the 18th day of January, 1933. At the time of his death he was a citizen and resident of the city and county of Spokane, state of Washington.
"On, to wit, the 26th day of August, 1930, said Howard C. Culver and Ella M. Culver, husband and wife, duly executed and delivered a certain trust agreement, conveying property in trust to the Spokane and Eastern Trust Company, a corporation of Spokane, Washington; that a true and correct copy of said trust agreement, entitled Trust Agreement No. 1, is attached to the original petition on file in this cause, marked as Exhibit `A' to said petition. Attached to said petition and denominated Schedule `A' appears a true and correct list of the property conveyed by said Trust Agreement No. 1. Attached to said petition and denominated Schedule `A-1' is a list *Page 57 
of the property comprised in said trust as of the 18th day of January, 1933.
"That all of the property conveyed by the said Trust Agreement No. 1 was acquired during the marriage of Howard C. Culver and Ella M. Culver, and was their community property.
"For many years prior to August 26, 1930, it had been the practice of Howard C. Culver and Ella M. Culver to make frequent and substantial presents to their children, each of whom is mentioned in said Trust Agreement No. 1. At the time of the execution of this agreement both of the said grantors were in excellent health and neither had reached the age when death was to be soon expected. Both contemplated being absent from home on protracted travels, during which it would be extremely inconvenient to give personal attention to gifts to their children as they had in the past, and the said Trust Agreement No. 1 was executed to put their donations to their children on a fixed and businesslike basis. The amounts to be paid monthly to the children thereunder were substantially the same amounts that they had been accustomed to give to their several children for many years prior thereto.
"The said Trust Agreement No. 1 was duly executed and delivered with the intention that it should take effect in possession and enjoyment forthwith upon such delivery, and was not made in contemplation of the death of the grantors and donors, Howard C. Culver and Ella M. Culver, or either of them, nor made or intended to take effect in possession and in enjoyment after the death of the said grantors and donors, or either of them.
"On, to wit, January 10, 1933, Howard C. Culver and Ella M. Culver, husband and wife, duly executed and delivered a certain trust agreement, conveying property in trust to the Spokane and Eastern Trust Company, a corporation of Spokane, Washington, a true and correct copy of which said trust agreement, entitled Trust Agreement No. 2, is attached to the said trustee's petition in this cause, marked Exhibit `B' and made a part of said petition by reference. The *Page 58 
property conveyed by said Trust Agreement No. 2 is more particularly described in a schedule attached to said petition, marked Exhibit `C' thereto and by reference made a part thereof. The property conveyed by said Trust Agreement No. 2 was acquired by the grantors and donors thereof, Howard C. Culver and Ella M. Culver, during their married life and was their community property, and it was their intention that the property should remain their community property notwithstanding the execution of said Trust Agreement No. 2.
"The conveyance by Trust Agreement No. 2 of said property therein referred to was made in contemplation of the death of Howard C. Culver, one of the donors therein."
Respondent, conceding the validity of the decision as to trust agreement No. 2, made no further contest and did not appeal.
Appellant does not question any of the findings. It will be observed that his only contest is as to the ruling by the trial court that trust agreement No. 1 was not made in contemplation of death and therefore not subject to inheritance tax.
[1] The material parts of the statute, Rem. Rev. Stat., § 11201 [P.C. § 7051], affecting this case are:
"All property within the jurisdiction of this state . . . which shall pass . . . by deed, grant, sale or gift made in contemplation of the death of the grantor or donor . . . shall, for the use of the state, be subject to a tax . . ."
We agree with the assertion of appellant that the question of whether a gift is made in contemplation of death is usually one of fact. The facts are sufficiently set out in the findings of the trial court, above quoted.
No Federal question is involved in this controversy, and we are not bound by a recent decision by the *Page 59 
United States supreme court, United States v. Wells,283 U.S. 102, 51 S.Ct. 446, which appellant contends is contrary to other state court decisions, but which we do not find necessary to discuss.
[2] Nor are we bound by the decisions of other state courts where there are statutory definitions of what is meant by the words "in contemplation of death."
For example: In Tax Commission of Ohio v. Parker,117 Ohio 215, 158 N.E. 89, the Ohio court has this to say:
"The Legislature of Ohio, evidently not satisfied with the construction of the phrase `in contemplation of death' as made by the state of New York and other states, by specific enactment gave to that phrase a definition of its own, which definition is not found in the New York statute. The definition of that phrase by the Legislature, found in Section 5331, General Code, as enacted, is `that expectation of death which actuates the mind of a person in the execution of his will.'"
There was also a statutory definition of what is meant by that phrase in California which differentiates their cases from others. See Chambers v. Larronde, 196 Cal. 100, 235 P. 1024, 41 A.L.R. 980.
Had we any such statutory definition, a different question would be presented. It is still a matter with which the legislature can deal if it desires.
[3] We are content with the definition by this court in Inre Carvill's Estate, 181 Wn. 627, 44 P.2d 768, quoting from 26 R.C.L. 225, that the phrase "made in contemplation of death" means:
". . . an apprehension of death arising from some existing bodily condition or impending peril and not the general expectation of eventual decease commonly entertained by all persons. The contemplation of death must be the impelling motive, without which *Page 60 
the conveyance could not be made, in order to subject the transfer of property to the inheritance tax."
We there approved a definition from Armstrong v. State exrel. Klaus, 72 Ind. App. 303, 120 N.E. 717, which is the general rule of a majority of the courts. It is the rule of decision here.
To the same effect are: People v. Continental Illinois Bank Trust Co., 344 Ill. 123, 176 N.E. 305, 75 A.L.R. 538, and cases therein cited; People v. Danks, 289 Ill. 542, 124 N.E. 625, 7 A.L.R. 1023, and cases cited; In re Kueter's Estate, 45 S.D. 341,187 N.W. 625, 21 A.L.R. 1330; In re Thompson's Estate,72 Utah 17, 269 P. 103, and cases cited. In the last cited case was an exhaustive and masterly opinion, although there was a dissent by two of the justices.
Appellant quotes some language from the annotation in 75 A.L.R. at p. 545, discussing the decision in that case, saying:
"He might be in perfectly good health and secure from danger, yet the fact of ultimate death is what moves him to make the transfer. It would appear that the narrow definition which a number of courts have placed upon the term might exclude many of the cases which the taxing statutes were designed to cover. Recent decisions indicate a tendency to broaden the definition without any distortion of the usual meaning given to the words."
With due respect to the annotator of that great work, for once "Homer nodded." The statement that one might be in perfectly good health and secure from danger, etc., is not in the principal opinion in the Utah case cited, to which the notes are appended, but it is the sense of the dissenting opinion of the other two justices.
For the foregoing reasons, the judgment is affirmed.
BEALS, BLAKE, and MAIN, JJ., concur. *Page 61